678 F.2d 816
 217 U.S.P.Q. 224, 1982 Copr.L.Dec. P 25,410
 BROADCAST MUSIC, INC., Plaintiff-Appellee,
v.
The UNITED STATES SHOE CORPORATION, a corporation of Ohio,
and U. S. Specialty Retailing, Inc., a corporation
of Ohio, doing business as Casual
Corner, Defendants-Appellants.
 No. 81-5162.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 1, 1982.
Decided June 2, 1982.
 
 1
 R. O. Klausmeyer, Frost & Jacobs, Cincinnati, Ohio, for defendants-appellants.
 
 
 2
 Peter C. Smoot, Beverly Hills, Cal., argued, for plaintiff-appellee; Kaplan, Livingston, Goodwin, Berkowitz & Selvin, Beverly Hills, Cal., on brief.
 
 
 3
 Appeal from the United States District Court for the Central District of California.
 
 
 4
 Before GOODWIN and TANG, Circuit Judges, and SOLOMON,* Senior District Judge.
 
 SOLOMON, District Judge:
 
 5
 This is an appeal from a grant of summary judgment against appellants (Casual Corner) for infringement of public performance rights belonging to Broadcast Music, Inc. (BMI).
 
 
 6
 Appellants operate a chain of more than 600 women's retail apparel stores under the name Casual Corner. In many of their stores, regular radio broadcasts were played to the public through the use of a single radio receiver connected to four or more speakers mounted on the store ceiling. These radio programs included copyrighted songs. BMI is the licensee of the public performance rights for many of the songs which were played over these facilities without BMI's permission.
 
 
 7
 BMI filed an action against appellants for money damages and injunctive relief for the unauthorized public performance of copyrighted music in four Casual Corner stores. In response to BMI's motion for summary judgment, appellants contended that they did not infringe BMI's copyright because the music they played was transmitted over "a single receiving apparatus of a kind commonly used in private homes," performance authorized by 17 U.S.C. § 110(5).
 
 
 8
 The district court granted BMI's motion for summary judgment.
 
 
 9
 Copyright owners have exclusive rights to perform or authorize the performance of their copyrighted works. 17 U.S.C. § 106(4). In Twentieth Century Music Corp. v. Aiken, 422 U.S. 151, 95 S.Ct. 2040, 45 L.Ed.2d 84 (1975), the Supreme Court held that a small fast-food shop of 1055 square feet in which radio programs were played by means of a radio receiver and four speakers was exempt under the existing (1909) copyright laws.
 
 
 10
 In 1976, primarily as a result of this decision, Congress enacted Section 110 (17 U.S.C. § 110) to limit the exemption from rights granted copyright owners under Section 106.
 
 Section 110 exempts:
 
 11
 (5) communication of a transmission embodying a performance or display of a work by the public reception of the transmission on a single receiving apparatus of a kind commonly used in private homes, unless-
 
 
 12
 (A) a direct charge is made to see or hear the transmission; or
 
 
 13
 (B) the transmission thus received is further transmitted to the public ...
 
 
 14
 The legislative history of Section 110(5) shows that Congress expressly considered the Aiken decision and regarded Aiken as the "outer limit" of the exemption under the new law. H.Rep.No.94-1476, 94th Cong., 2d Sess., 87 (1976), U.S.Code Cong. & Admin.News 1976, p. 5659.[1] Casual Corner exceeds this limit, because each store has a commercial monaural system, with widely separated speakers of a type not commonly used in private homes, and the size and nature of the operation justifies the use of a commercial background music system.
 
 
 15
 In Sailor Music v. Gap Stores, Inc., 516 F.Supp. 923 (S.D.N.Y.1981) Judge Gagliardi, in a careful and well-reasoned opinion on facts almost identical to those in this case, considered the reach of the exemption provision asserted by appellants here. Judge Gagliardi granted the copyright owner summary judgment. The Court of Appeals affirmed. 668 F.2d 84 (2nd Cir. 1981), cert. denied, --- U.S. ----, 102 S.Ct. 2012, 71 L.Ed.2d --- (1982).
 
 
 16
 There is no merit in appellants' contention that the provision "commonly used in private homes" renders the Act void for vagueness. We believe that a person of ordinary intelligence can understand and apply the requirements of the Act. The affidavits of the experts in this case showed it.
 
 
 17
 The record supports the district court's holding that there was no genuine issue of fact and that BMI was entitled to a summary judgment.
 
 
 18
 AFFIRMED.
 
 
 
 *
 Hon. Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 [1]
 For an interesting discussion of the legislation, see Korman, Performance Rights in Music Under Sections 110 and 118 of the 1976 Copyright Act, 22 N.Y.L.S.L.Rev. 521 (1977)